**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 109906

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES J. TRAMONDO JR,<br><br>Plaintiff,<br><br>vs.<br><br>ESCALLATE, LLC,<br><br>Defendant. | Docket No:<br><br>**COMPLAINT**<br><br>JURY TRIAL DEMANDED |

JAMES J. TRAMONDO JR (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against ESCALLATE, LLC (hereinafter referred to as "*Defendant*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendant conducted business within the State of New York.

1

## PARTIES

5. Plaintiff is an individual who is a citizen of the State of New York.

6. Plaintiff, a "consumer" as defined by 15 U.S.C. § 1692a(3), is allegedly obligated to pay a debt.

7. On information and belief, Defendant's principal place of business is located in Cincinnati, Ohio.

8. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

9. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and is therefore a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

10. Plaintiff's alleged debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

11. Sometime after the incurrence of the debt, but before the initiation of this action, Plaintiff is alleged to have fallen behind on payments allegedly owed on the alleged debt.

12. At a time known only to Defendant, Plaintiff's alleged debt was assigned or otherwise transferred to Defendant for collection.

13. In its efforts to collect the alleged debt, Defendant contacted Plaintiff by letter. ("Exhibit 1.")

14. The letter was the initial communication to Plaintiff from Defendant.

15. Defendant's letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

16. As set forth in the following Counts, Defendant's letter violated the FDCPA.

### FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Validation of Debts

17. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

18. 15 U.S.C. § 1692g provides that within five days after the initial communication

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

19. The written notice must contain a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

20. The written notice must contain a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

21. Defendant's letter contains the required information.

22. However, a debt collector has the obligation, not just to convey the required information, but also to convey such clearly.

23. Even if a debt collector conveys the required information accurately, the debt collector nonetheless violates the FDCPA if that information is overshadowed or contradicted by other language in the communication.

24. A collection activity or communication overshadows or contradicts the validation notice if it would make the "least sophisticated consumer" uncertain or confused as to her rights.

25. 15 U.S.C. § 1692g(b) provides, in relevant part, "If the consumer notifies the debt collector in writing within the thirty-day period . . . that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains . . . the name and address of the original creditor, and [the] name and address of the original creditor, is mailed to the consumer by the debt collector."

26. 15 U.S.C. § 1692g(b) provides, in relevant part, "Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer . . . requests the name and address of the original creditor."

27. 15 U.S.C. § 1692g(b) provides, in relevant part, "Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the

disclosure of the consumer's right to . . . request the name and address of the original creditor."

28. Plaintiff has the right to dispute the debt.

29. Plaintiff has the right to demand the name and address of the original creditor.

30. Defendant's letter states that if Plaintiff does not contact Defendant within 30 days to dispute the validity of the debt, Defendant may submit a negative credit report to the credit bureaus.

31. Defendant's letter provides that the only way to stop Defendant's negative credit report is to dispute the debt.

32. Defendant's letter fails to advise the Plaintiff that Plaintiff also has the right to stop Defendant's negative credit report by requesting the name and address of the original creditor, pursuant to 15 U.S.C. § 1692g(b).

33. Defendant's conduct would likely make the least sophisticated consumer believe that her request for the original creditor information would not stop Defendant's negative credit report.

34. Defendant's conduct would likely make the least sophisticated consumer uncertain as to her rights.

35. Defendant's conduct would likely make the least sophisticated consumer confused as to her rights.

36. Defendant has violated § 1692g as the above-referenced language overshadows the information required to be provided by that Section.

**SECOND COUNT**
**Violation of 15 U.S.C. § 1692e**
**False or Misleading Representations**

37. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

38. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

39. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on non-enumerated practice.

40. Collection notices are deceptive if they can be reasonably read to have two or more different meanings, one of which is inaccurate.

41. The question of whether a collection letter is deceptive is determined from the

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

perspective of the "least sophisticated consumer."

42. Because the collection letter in the instant case was reasonably susceptible to an inaccurate reading, as described above, it is deceptive within the meaning of the FDCPA.

43. The least sophisticated consumer would likely be deceived by Defendant's conduct.

44. The least sophisticated consumer would likely be deceived in a material way by Defendant's conduct.

45. Defendant has violated § 1692e by using a false, deceptive and misleading representation in its attempt to collect a debt.

## JURY DEMAND

46. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

a. Statutory damages of $1,000.00 against Defendant pursuant to 15 U.S.C. § 1692k; and

b. Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

c. Plaintiff's costs; all together with

d. Such other relief that the Court determines is just and proper.

DATED: March 24, 2016

**BARSHAY SANDERS, PLLC**

By: /s/ Craig B. Sanders
BARSHAY SANDERS, PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 109906